IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LANNY ROSS COGGIN, JR.  )
                        )
v.                      )   No. 3:13-0898
                        )
CAROLYN W. COLVIN,      )
    Acting Commissioner of )
    Social Security         )

O R D E R

This action was filed pursuant to 42 U.S.C. § 405(g). The Commissioner has responded by filing an answer (Docket Entry No. 13) on December 16, 2013.

The plaintiff shall have thirty (30) days from entry of this order to file a motion for judgment on the record and accompanying memorandum, which shall include the following:[1]

(a) **Statement of the Case.** This statement shall briefly outline the course of proceedings and disposition at the administrative level. The statement shall set forth a statement of relevant facts including plaintiff's age, education, work experience, a summary of the physical and/or mental impairments alleged by plaintiff, and an outline of the pertinent factual, medical, and vocational evidence in the record. <u>Each statement of fact should be supported by reference to the page(s) in the record where the evidence is located.</u>

(b) **Statement of Errors.** This statement should set forth, in separately numbered paragraphs, the specific errors allegedly committed at the administrative level which entitle the plaintiff to relief. The court will consider only those errors specifically identified in the briefs. A general allegation that the ALJ's findings are unsupported by substantial evidence is insufficient.

---

[1] The plaintiff shall not file a motion for summary judgment, *see Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring), but rather a motion for judgment on the administrative record.

Each specific error alleged should be supported by reference to the portion of the record relied upon and by citations of statutes, regulations, and cases supporting the plaintiff's position.

Relevant cases from this district and circuit should be cited. If authority on point from this jurisdiction does not exist, cases from other districts and circuits may be cited.

The plaintiff's memorandum should conclude with a short statement of the relief sought. Specifically, the brief should state whether the plaintiff seeks (1) reversal; (2) remand; or (3) reversal or, in the alternative, remand.[2]

The <u>defendant</u> shall, within thirty (30) days of the filing of the plaintiff's motion, file a response. The defendant shall respond **SPECIFICALLY** to each issue raised by the plaintiff. The defendant shall also support its response by reference to the portion of the record relied upon and by citations of statutes, regulations, and cases supporting the defendant's position.

Defendant should include a "statement of the case," only to the extent defendant contends plaintiff's statement is <u>inaccurate or incomplete</u>.

The plaintiff shall have 14 days from the filing of the response to file a reply if necessary.

It is so ORDERED.

                                                                                      _____
                                                                                      JULIET GRIFFIN
                                                                                      United States Magistrate Judge

---

[2] In the case of a remand, the plaintiff should indicate whether the remand is being sought pursuant to sentence four of 42 U.S.C. § 405(g) or sentence six of 42 U.S.C. § 405(g). If the relief sought is a remand pursuant to sentence six, i.e., the plaintiff is seeking consideration of additional evidence, the plaintiff must show that the evidence is new and material and that there was good cause for failing to submit the evidence during the administrative proceedings.

If the plaintiff seeks another form of relief not mentioned above, the plaintiff is instructed to state the relief sought and cite the proper authority supporting such relief.