IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


LANNY ROSS COGGIN, JR.        )
                                    )
v.                              )     No. 3:13-0898
                                    )
NANCY A. BERRYHILL         )
     Acting Commissioner of     )
     Social Security[1]          )


## M E M O R A N D U M

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain

judicial review of the final decision of the Social Security Administration ("Commissioner")

denying his claim for a period of disability and Disability Insurance Benefits ("DIB"), as

provided under Title II of the Social Security Act ("the Act"). The case is currently pending on

Plaintiff's motion for judgment on the administrative record (Docket Entry No. 16), to which

Defendant has responded. Docket Entry No. 17. Plaintiff has also filed a subsequent reply to

Defendant's response (Docket Entry No. 18), to which Defendant has filed a surreply. Docket

Entry No. 21. This action is before the undersigned for all further proceedings pursuant to the

consent of the parties and order of the District Judge in accordance with 28 U.S.C. § 636(c)

(Docket Entry Nos. 23-24).

Upon review of the administrative record as a whole and consideration of the parties'

filings, Plaintiff's motion is **DENIED** and the decision of the Commissioner is **AFFIRMED**.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

# I. INTRODUCTION

Plaintiff filed an application for a period of disability and DIB on February 15, 2010. *See* Transcript of the Administrative Record (Docket Entry No. 14) at 95.[2] He alleged a disability onset date of August 15, 2008. AR 95. Plaintiff asserted that he was unable to work due to neuropathy, degenerative disc disease, and other back problems. AR 102.[3]

Plaintiff's applications were denied initially and upon reconsideration AR 95-96. Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Michelle Thompson on February 22, 2012. AR 29. On March 9, 2012, the ALJ denied the claim. AR 15-17. On July 5, 2013, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

# II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on April 23, 2012. AR 15. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since August 15, 2008, the alleged onset date. (20 CFR 404.1571 *et seq.*).

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

[3] The Explanation of Benefits, accompanying the Notice of Disapproved Claim dated April 15, 2010, additionally found evidence of asthma and high cholesterol. AR 102.

***

3. The claimant has the following severe impairments: lumbosacral spondylosis, without myelopathy; obstructive chronic bronchitis, without exacerbation, post-laminectomy syndrome, lumbar region; and neuropathy of the lower extremities (20 CFR 404.1520(c)).

***

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

***

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 10 pounds frequently and 20 pounds occasionally; stand, walk, and/or sit for up to six hours each; occasionally climb ladders/ropes/scaffolds; and frequently climb ramps/stairs, balance, stoop, kneel, crouch, and crawl.

***

6. The claimant is capable of performing past relevant work as a night club manager and restaurant manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

***

7. The claimant has not been under a disability, as defined in the Social Security Act, from August 15, 2008, through the date of this decision (20 CFR 404.1520(f)).

AR 20-24.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

# IV. DISCUSSION AND CONCLUSIONS OF LAW

## A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence; and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions

of credibility. *See, e.g.*, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

### B.  Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if he applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v.*

*Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render him presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to his past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot

satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra*.

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step four of the five-step process. The ALJ found that Plaintiff met the first two steps, but determined at step three that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was able to perform past relevant work as a night club manager and restaurant manager, and thus concluded that Plaintiff has not been under a disability since the alleged onset date of August 15, 2008. AR 20-24.

### D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ erred by: (1) improperly evaluating Plaintiff's impairments; (2) failing to include a function-by-function assessment in the RFC assessment; (3) improperly considering the opinions of Plaintiff's treating physician; (4) improperly considering the opinions of the consultative examiner and non-examining consultant; and (5) improperly evaluating Plaintiff's credibility. DE 16-1 at 1-2. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. *Id*. at 13.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and

evidence to the contrary is lacking." *Mowery*, 771 F.2d at 973. Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala,* 25 F.3d 316, 318 (1994). The Court addresses each of Plaintiff's assertions of error below.

**1. Evaluation of Plaintiff's impairments.**

Plaintiff contends that the ALJ failed to properly evaluate his impairments. Plaintiff notes that an imaging study showed degenerative changes to his spine and that part of his finger has been amputated. DE 16-1 at 6. Plaintiff contends that the ALJ failed to provide sufficient reasons for finding that these impairments were not severe.

It is well-established that the diagnosis of a condition is not sufficient to establish disability. *See Jones v. Comm'r of Soc. Sec.*, No. 13-cv-14217, 2015 WL 1004681, at *8 (E.D. Mich. Mar. 6, 2015) ("[T]he mere diagnosis of an impairment is not enough to show disability; a claimant must also prove its severity and functional impact.") (citing *Foster*, 853 F.2d at 489). Plaintiff claims that the above conditions "were diagnosed and well-documented in the record" (DE 16-1 at 7), but cites no evidence suggesting that these conditions caused functional limitations beyond those delineated in the RFC. There is thus no basis on which to find that Plaintiff suffers from a disabling condition. *See Krakow v. Comm'r of Soc. Sec.*, No. 13-14388, 2015 WL 1301300, at *10 (E.D. Mich. Mar. 23, 2015) ("[S]imply because plaintiff suffers from certain conditions or carries certain diagnoses does not equate to disability[.]").

Moreover, even if Plaintiff had made an effort to establish that these conditions represented severe impairments, the ALJ's refusal to conclude that these conditions were severe would not require reversal in light of the ALJ's determination that Plaintiff *did* suffer from other

severe impairments. AR 20. Indeed, once an ALJ finds that at least one of the claimant's alleged impairments is severe, the claim survives the step two screening process, 20 C.F.R. § 404.1520(a)(4); *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008), and both severe and non-severe impairments are to be considered by the ALJ in the remaining steps of the evaluation process. 20 C.F.R. §§ 404.1523 and 404.1545(a)(2). Courts have repeatedly held that an ALJ does not commit reversible error when the ALJ finds that some impairments are not severe, but finds that other impairments are severe and proceeds with the next step of the evaluation process. *See, e.g., Maziarz v. Sec'y Health & Human Serv.*, 837 F.2d 240, 244 (6th Cir. 1987); *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007).

Additionally, the Court notes that Plaintiff's brief fails to cite any regulation or opinion to support his assertion that the ALJ was required to "provide sufficient reasons" for not finding each alleged impairment was severe. DE 16-1 at 7. The Sixth Circuit has instead held that an ALJ "need not discuss every piece of evidence in the record for his decision to stand." *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 664 (6th Cir. 2004). Accordingly, the Court finds no error in the ALJ's determination as to the severity of Plaintiff's alleged impairments.

**2. Function-by-function assessment in the RFC.**

The next assertion of error involved the ALJ's failure to include a function-by-function analysis, as required by Social Security Ruling ("SSR") 96-8p. DE 16-1 at 7-8. Plaintiff states that the ALJ "failed to include substantial limitations in the RFC finding correlating to symptoms and limitations which are well-documented in the record." *Id*. at 9.

Plaintiff's argument is unpersuasive. For one, Plaintiff points to no evidence to support any functional limitations beyond those ascribed by the ALJ, instead speculating that an injury to his finger "[c]ertainly ... would impose limitations on the use of his hand and finger." DE 16-1 at

8. However, the fact that symptoms have been documented in the record does nothing to establish the existence of accompanying limitations. *See Higgs*, 880 F.2d at 863 ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it.").Plaintiff has thus failed to carry his burden to demonstrate the presence of a disabling condition. *See Key v. Callahan*, 109 F.3d at 274 ("Claimant has the ultimate burden of proving the existence of a disability.") (citing *Richardson v. Heckler*, 750 F.2d 506, 509 (6th Cir. 1984)).

Additionally, it is well-settled law that the ALJ is not required to explicitly describe a "function-by-function evaluation" in the opinion. *See Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) ("Although a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing.") (internal citations omitted). The ALJ must instead "articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Mathis-Caldwell v. Comm'r of Soc. Sec.*, No. 1:15-cv-532, 2016 WL 2731021, at *5 (W.D. Mich. May 11, 2016) (internal citation omitted). Plaintiff fails to provide any evidence that the ALJ neglected this duty. The Court therefore rejects this assertion of error.

### 3. The opinion of Dr. Scott Standard.

Plaintiff alleges that the ALJ additionally erred by failing to explicitly state the amount of weight that was given to the opinion of Dr. Scott Standard, a surgeon who performed back surgery on Plaintiff in October of 2008. DE 16-1 at 9; AR 319. Plaintiff also faults the ALJ for failing to consider whether Plaintiff was eligible for a closed period of disability benefits between August of 2008 and July of 2009 based on Dr. Standard's records. DE 16-1 at 9.

Notably, Plaintiff does not argue that Dr. Standard is subject to the treating physician rule contained in 20 C.F.R. § 404.1527(c)(2), which requires the ALJ to provide "good reasons" for the weight assigned to the opinion of a treating physician. This is perhaps due to the fact that Dr. Standard never provided a medical opinion regarding the severity of Plaintiff's symptoms or any resultant functional limitations, and instead simply drafted several "Work Statement" forms that excused Plaintiff from work on several occasions following surgery in October of 2008. *See* AR 308, 327-28, 331. Regardless, to the extent that Dr. Standard could be considered a treating provider subject to the treating physician rule, Plaintiff has waived such an argument. *See Kuhn v. Washtenaw Cty.*, 709 F.3d 612, 624 (6th Cir. 2013) ("This court has consistently held that arguments not raised in a party's opening brief, as well as arguments adverted to in only a perfunctory manner, are waived.").

In light of the foregoing, the Court finds no error in the ALJ's failure to explicitly describe the weight assigned to Dr. Standard's post-surgery "Work Statement" forms, as the ALJ was under no obligation to do so. *See Kornecky*, 167 F. App'x at 507-08 ("While it might be ideal for an ALJ to articulate his reasons for crediting or discrediting each medical opinion, it is well settled that ... [a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (quoting *Loral Defense Systems–Akron v. N.L.R.B.,* 200 F.3d 436, 453 (6th Cir. 1999)). Plaintiff cites no regulation or case law holding that an ALJ is required to state the weight she has afforded to temporary post-surgery physical restrictions recommended by a surgeon.

Finally, the Court is unpersuaded by Plaintiff's cursory argument that the ALJ should have considered whether Plaintiff was entitled to a closed period of disability benefits. The Sixth Circuit has held that while the Act does not provide for a "closed period of benefits," such

benefits may be awarded to a claimant from the time the alleged disability commenced until such time that the disability ceased, *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972), but only to a claimant who meets the 12-month durational requirement of 42 U.S.C. § 423(d)(1)(A). *Lang v. Sec'y of Health & Human Servs.*, 875 F.2d 865 (6th Cir. 1989) (citing *Howse v. Heckler,* 782 F.2d 626 (6th Cir. 1986)).

The records cited by Plaintiff do little to demonstrate the existence of a disabling condition that could be expected to last *continually* for 12 months. *See* 42 U.S.C. § 423(d)(1)(A) (disability defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for *a continuous period* of not less than 12 months"). Plaintiff erroneously claims that Dr. Standard "kept [Plaintiff] off of work from August of 2008 through at least July 15, 2009" (DE 16-1), when, in fact, the records indicate that Dr. Standard opined that Plaintiff was unable to work on four different occasions for varying degrees of time, none of which demonstrate a continuous period of twelve months or more.

In August of 2008, Dr. Standard recommended that Plaintiff remain "off work" from August 18 until September 3, a period of approximately two weeks. AR 308. On January 16, 2009, Dr. Standard recommended that Plaintiff remain "off work" until February 17, 2009, return to work with minor restrictions until approximately mid-March, then return to work with no restrictions. AR 327. Despite having completed the work statement on January 16, 2009 that covered the next two, on January 28, 2009, Dr. Standard stated that Plaintiff was "off work" due to an "inability to lift or sit greater than 2 hours at a time." AR 328.[4] On May 27, 2009,

---

[4] The reason for and duration of this January 28, 2009 work statement is unclear, at best. As noted, Dr. Standard had previously issued a work statement on January 16, 2009, covering until mid-

Dr. Standard stated that Plaintiff was "off work" from April 15 until July 15, 2009, but provided no explanation for this opinion. AR 331.[5]

Further, even if Dr. Standard was considered a treating physician for purposes of considering entitlement to a closed period of benefits, an argument which Plaintiff does not raise, only two of the four "Work Statement" forms cited by Plaintiff provide any clue as to what limitations were actually caused by Plaintiff's condition: Dr. Standard's January 16, 2009 opinion that Plaintiff could work for six hours at a time, with a 15-minute break every two hours,[6] and his January 28, 2009 opinion that Plaintiff was "off work" due to an "inability to lift or sit greater than 2 hours at a time." AR 327, 333. Such statements, however, were not supported by any medical findings, thus diminishing their significance to the ALJ's analysis. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 441 (6th Cir. 2010) ("[T]he ALJ is not

---

March of 2009. The January 28 work statement is thus duplicative in any respect. The January 28 work statement also refers to the reason for Plaintiff being off work as "*secondary* to inability to lift or sit greater than 2 hours at a time" (emphasis added), but does not specify the primary reference. Additionally, the January 28 work statement does not specify the period of time for which Plaintiff was restricted from returning to work. The most logical conclusion is that the January 28, 2009 work statement was intended to supplement the January 16, 2009 work statement to provide a secondary reason for the work restriction until mid-March of 2009 based on Plaintiff's "inability to lift or sit greater than 2 hours at a time."

[5] The Court is unable to discern from the records Plaintiff's work status between mid-March of 2009, when he was supposed to return to work according to the January 16 work statement, and April 15, 2009, when he was off work per the May 27, 2007 work statement. During that time, Plaintiff missed two scheduled appointments with Dr. Standard, one on March 27, 2009 (AR 329) and one on April 22, 2009 (AR 330). Apparently, during Plaintiff's next visit with Dr. Standard on May 27, 2009, Plaintiff received the work statement of that same date to be off work from April 15, 2009 through July 15, 2009. AR 331.

[6] This recommended restriction of a "15-minute break every two hours," matches the RFC ultimately ascribed by the ALJ (AR 21), based on the Sixth Circuit's observation that "breaks every two hours are normal and assumed in most jobs." *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 730 (6th Cir. 2013).

14

bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.").

Moreover, a note from a treating physician that a claimant cannot return to work until a specific date "is not an opinion of a medical condition, but rather is an opinion of disability that is reserved for the ALJ." *Dailey v. Colvin*, No. 1:13-1755, 2014 WL 2743204, at *6 (N.D. Ohio June 17, 2014); *see also Evers v. Astrue*, No. 3:12-0118, 2013 WL 1305627, at *7 (E.D. Tenn. Jan. 2, 2013), *report and recommendation adopted*, 2013 WL 1301777 (E.D. Tenn. Mar. 28, 2013) (note from treating physician stating that "[p]atient is being treated for low back pain, and is currently unable to work" is not an opinion as to the nature and severity of an impairment under 20 C.F.R. § 404.1527(c)(2)"). Further, Dr. Standard's notes from subsequent visits with Plaintiff in May and September of 2009 and accompanying x-rays highlight the improvement of Plaintiff's condition. *See* AR 333 ("[Plaintiff's] x-rays ... look great."), 335 ("His x-rays look fine[.]").[7] The ALJ clearly discussed these findings in the opinion. AR 22.

Finally, Dr. Standard's records reveal that Plaintiff missed at least four different appointments in 2009 (AR 329, 330, 334, 336), which suggests that Plaintiff's symptoms were not as debilitating as he alleges. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) (noting that a "reasonable mind" might conclude that a lack of treatment indicates an alleviation of symptoms) (citing *Richardson*, 402 U.S. at 401). During their final encounter, which took place one month before an additional appointment that Plaintiff skipped (AR 336), Dr. Standard noted that Plaintiff's x-rays were normal and that his "healing process is good." AR 335. There is no indication Dr. Standard placed any work restrictions on Plaintiff and records from Plaintiff's treatment with Dr. Gary McDonald during approximately the same timeframe,

---

[7] Although Plaintiff apparently still complained to Dr. Standard of pain and an inability to sit.

including records documenting treatment after his back surgery in October of 2008, suggest that he was not suffering from back pain symptoms during several of these visits. *See* AR 267-70. This includes a notation on January 5, 2009 that Plaintiff's "[b]ack has done tremendously better after [surgery]." AR 269. Therefore, to the extent that the ALJ erred by failing to consider whether Dr. Standard's "Work Statement" notes supported a finding that Plaintiff was entitled to a closed period of disability benefits, the Court finds that such an omission was harmless.

**4. The opinions of Drs. Huang and Allison.**

Plaintiff claims that the ALJ committed reversible error by "failing to provide sufficient reasons" for the weight assigned to the opinions of Dr. Lloyd Huang, a consultative examiner, and Dr. Joe Allison, a non-examining medical consultant. DE 16-1 at 10. Plaintiff faults the ALJ for according greater weight to the latter's opinion since Dr. Allison did not examine Plaintiff and rendered his opinion without the benefit of the entire record of evidence, including additional records from St. Thomas Hospital. *Id*. at 9.

As part of his consultative examination, Dr. Huang opined that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, and stand and walk for three to four hours during an eight-hour workday. AR 341. The ALJ gave "less weight" to this opinion and provided the following justification:

> Dr. Huang's opined limitations as to standing, walking, and sitting are inconsistent not only with the medical evidence of record, but also with his own objective findings during his examination of the claimant. Such limitations do not adequately account for Dr. Huang's mostly normal range of motion findings, as well as normal strength findings. As such, Dr. Huang's opinion is only partially consistent with the totality of the evidence.

AR 22-23. Notwithstanding Plaintiff's claim that these reasons are not "sufficient," the Court finds no error in the ALJ's evaluation of the opinions provided by Drs. Huang and Allison.

In assessing the opinion of examining physicians, the ALJ must simply "explain the weight given to [such] opinions[.]" *Wilburn v. Astrue*, No. 3:10-0008, 2010 WL 6052397, at *6 (E.D. Tenn. Sept. 13, 2010), *report and recommendation adopted*, 2011 WL 891022 (E.D. Tenn. Mar. 11, 2011); *see also* 20 C.F.R. § 404.1527(e)(2)(ii) ("Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant[.]"). The ALJ provided such an explanation, noting that Dr. Huang's own findings revealed a normal range of motion with respect to Plaintiff's cervical spine, shoulders, elbows, wrists, hips, knees, and ankle joints, as well as normal motor strength. AR 340. The ALJ also noted that Dr. Huang's restrictions as to standing, walking, and sitting were inconsistent with the other medical evidence of record, which reveals no other opinion from a medical source recommending physical restrictions as limiting as those proposed by Dr. Huang. Plaintiff claims that Dr. Huang's opinion "is not inconsistent with the record as a whole" (DE 16-1 at 10), but cites nothing to support this tepid assertion. The ALJ's decision to discount Dr. Huang's opinion would therefore have been reasonable even if Dr. Huang had been a treating physician. *See Brown v. Soc. Sec. Admin.*, No. 3:14-1451, 2015 WL 5098715, at *5 (M.D. Tenn. Aug. 31, 2015), *report and recommendation adopted*, 2015 WL 5559917 (M.D. Tenn. Sept. 18, 2015) ("[I]nconsistency between a physician's opinion and the treatment notes upon which that opinion is based, as well as with the balance of the medical record, is sufficient reason to discount the weight of an examining source.") (citing *Gant v. Comm'r of Soc. Sec.,* 372 F. App'x 582, 584 (6th Cir. 2010)).

The Court similarly finds no error in the ALJ's decision to accord more weight to the opinion of Dr. Allison. Plaintiff notes that Dr. Allison rendered his opinion without reviewing

records documenting subsequent treatment at St. Thomas Hospital, yet the same can be said of Dr. Huang, who completed his assessment four days before Dr. Allison's opinion was issued. AR 341, 350. Although there is case law suggesting that an ALJ should not favor the assessment of a non-examining source without access to a complete record over the opinion of a *treating* physician, *see Blakley*, 581 F.3d at 408-09, Plaintiff provides no support for his assertion that Dr. Huang's opinion outweighs Dr. Allison's assessment when neither consultant had access to the complete record. *Cf. Robinson v. Comm'r of Soc. Sec. Admin.*, No. 5:14-0291, 2015 WL 1119751, at *11 (N.D. Ohio Mar. 11, 2015) ("An ALJ's unsupported rejection of a *treating* source and reliance on non-examining sources without full access to the record appeared to be the 'overriding danger' that existed in *Blakley,* is not similarly present here.") (emphasis added).

Dr. Allison assigned restrictions similar to those recommended by Dr. Huang, except for his opinion that Plaintiff can stand, walk, and sit for an additional two to three hours per workday. AR 343. The ALJ credited this opinion based on its consideration of the "mild[]-to-moderate[]" limitations in Plaintiff's lumbar range of motion. AR 22. Plaintiff points to no evidence demonstrating that such a judgment was unreasonable, nor does he explain in any way how the additional records from St. Thomas Hospital impact the assigned RFC. *See Vanarnam v. Comm'r of Soc. Sec.*, No. 12-14397, 2014 WL 1328272, at *24 (E.D. Mich. Mar. 28, 2014) ("Plaintiff fails to explain what evidence or records were not reviewed by [a non-examining consultant], or, more importantly, how those records contained findings inconsistent with [the non-examining consultant's] opinion that plaintiff could perform a limited category of light work. Accordingly, plaintiff has failed to show that the ALJ's RFC assessment is not supported by substantial evidence[.]"); *see also Helm v. Comm'r of Soc. Sec. Admin.*, 405 F. App'x 997, 1002 (6th Cir. 2011) ("There is no categorical requirement that the non-treating source's opinion

be based on a 'complete' or 'more detailed and comprehensive' case record. The opinion[] need only be 'supported by evidence in the case record.'").[8] The Court thus finds that substantial evidence supports the ALJ's decision to accord greater weight to Dr. Allison's opinion.

**5. Credibility.**

Plaintiff finally contends that the ALJ failed to properly evaluate his credibility in violation of SSR 96-7p. DE 16-1 at 11-13.[9] Plaintiff contends the ALJ made a "conclusory statement" regarding Plaintiff's hearing testimony, and thus failed to "provide any concrete reasons for finding the Plaintiff to not be credible." *Id*. at 12. He further argues that the ALJ committed reversible error by failing to explicitly identify the weight she accorded Plaintiff's testimony. *Id*.

As an initial matter, Plaintiff undermines his own assertion that the ALJ violated SSR 96-7p by merely providing a "conclusory statement" regarding the credibility determination, as he then proceeds to acknowledge that the ALJ provided several reasons for discounting Plaintiff's

---

[8] The Court also rejects Plaintiff's request for remand to consider Dr. Huang's general statement that "[p]erhaps, vocational rehabilitation or educational opportunities for sedentary work would be helpful" (AR 341), as such a statement does not represent a medical opinion subject to consideration under 20 C.F.R. § 404.1527. *Cf. Rincon v. Comm'r of Soc. Sec.*, No. 14-12098, 2016 WL 922945, at *3 (E.D. Mich. Mar. 11, 2016) ("[The treating physician's] statement regarding Plaintiff's potential for long term employment is prefaced with the qualifier 'seems,' suggesting that [the treating physician] in fact did not reach a firm medical opinion on the subject."); *Everett v. Comm'r of Soc. Sec.*, No. 1:11-0219, 2012 WL 3731388, at *13 (S.D. Ohio Aug. 28, 2012), *report and recommendation adopted*, 2012 WL 4506293 (S.D. Ohio Oct. 1, 2012) ("[The treating physician's] recommendation that plaintiff should live in a dwelling without stairs because stairs would aggravate her foot and ankle arthritis and tendonitis does not impose any functional limitations, it is not an opinion on the nature or severity of plaintiff's impairment, and it does not constitute evidence that plaintiff is unable to engage in substantial gainful activity.").

[9] SSR 96-7p has been superseded by SSR 16-3p, which became effective on March 28, 2016. However, because Plaintiff's complaint was filed in September of 2013, SSR 96-7p applies to the undersigned's analysis of this claim. *See Cameron v. Colvin*, No. 1:15-cv-169, 2016 WL 4094884, at *2 (E.D. Tenn. Aug. 2, 2016) ("It is well-established that, absent explicit language to the contrary, administrative rules do not apply retroactively.") (internal citation omitted).

testimony, including normal physical examinations, consistently good range of motion, and normal strength. AR 23. Because the ALJ relied on findings contained in the record to discount Plaintiff's credibility, Plaintiff's argument that the ALJ provided only a "conclusory statement" is unfounded.[10]

Moreover, consideration of such objective findings is precisely the type of evaluation mandated by SSR 96-7p.[11] *See* 1996 WL 374186, *3 (July 2, 1996) ("[T]he impact of the symptoms on the individual's ability to function must be considered along with the objective medical and other evidence[.]"). Therefore, Plaintiff's argument that the ALJ failed to provide "concrete reasons" also fails. *Cf. Shown v. Colvin*, No. 3:15- 238, 2016 WL 1192675, at *8 (E.D. Tenn. Mar. 28, 2016) ("[T]he Sixth Circuit has explained that an ALJ's credibility determination need not include an item-by-item analysis of all the factors identified in § 404.1529(c)(3).") (internal citations omitted).

Nevertheless, Plaintiff claims that the ALJ ignored findings from physical examinations performed by Dr. Gary McDonald during five office visits between 2008 and 2011. DE 16-1 at 12-13. However, Plaintiff's selective references to Dr. McDonald's records do not render the ALJ's determination erroneous. For example, Plaintiff points to Dr. McDonald's finding that his feet were "absent vibratory sense distally over the toes" on January 5, 2009, although Plaintiff

---

[10] Importantly, the ALJ found Plaintiff's testimony "not *fully* credible" in light of these cited reasons. AR 23 (emphasis added). She did not, as Plaintiff claims, find that Plaintiff was "not credible." DE 16-1 at 13.

[11] The Court notes that Social Security Rulings such as SSR 96-7p "do not have the force and effect of law, but are 'binding on all components of the Social Security Administration' and represent 'precedent final opinions and orders and statements of policy and interpretations' adopted by the Commissioner." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 272, n.1 (6th Cir. 2010) (quoting 20 C.F.R. § 402.35(b)(1)). The requirement that an ALJ make a credibility determination is contained in 20 C.F.R. § 404.1529(c)(3).

additionally demonstrated normal motor strength in his feet, both proximally and distally. AR 270. During a subsequent visit on May 26, 2009, Plaintiff demonstrated merely "diminished" sensation in his feet, with normal motor strength in both feet (AR 267), and was asymptomatic in his feet during his next visit on October 15, 2009. AR 265. This appears to fit with the ALJ's conclusion that Plaintiff's allegations were not entirely consistent with the evidence of record. AR 23.

Plaintiff also argues that the ALJ improperly discounted his testimony based on an office note indicating that he was "markedly tender over [the] left lateral epicondyle" on March 14, 2008. DE 16-1 at 12-13; AR 277. However, this symptom was not present during a subsequent visit just five days later (AR 275), nor was it noted during any other visit with Dr. McDonald. Indeed, Plaintiff has not included disabling pain in his elbow as a physical condition that limits his ability to work. AR 175. The Court thus finds it disingenuous that Plaintiff references tenderness in the elbow, a symptom that he exhibited on a single visit five months prior to the alleged onset date, to argue that the ALJ failed to fairly assess his credibility. Regardless, such evidence does nothing to support Plaintiff's assertion of error.

"While in theory we will not 'disturb' an ALJ's credibility determination without a 'compelling reason,' in practice ALJ credibility findings have become essentially "unchallengeable[.]" *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 476 (6th Cir. 2016) (internal citations omitted). The ALJ's determination must be affirmed as long as it is "reasonable and supported by substantial evidence." *Id.* (quoting *Rogers*, 486 F.3d at 249). The ALJ identified several examples of inconsistency in the record that bolster her determination that Plaintiff's testimony was not entirely credible. The Court also reiterates that Plaintiff missed numerous appointments with his treating physician (AR 329, 330, 334, 336), which is further

evidence that "may cast doubt on a claimant's assertions of disabling pain." *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 846 (6th Cir. 2004) (internal citation omitted). Therefore, the Court concludes that substantial evidence supports the ALJ's credibility determination, and, based on the foregoing analysis, affirms the decision of the Commissioner.

## V. CONCLUSION

For the above stated reasons, Plaintiff's motion for judgment on the administrative record (DE 16) is DENIED. An appropriate Order will accompany this memorandum.


BARBARA D. HOLMES
United States Magistrate Judge